Filed 11/14/13  P. v. Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056717 |
| v. | (Super.Ct.No. RIF1100169) |
| CESAR CAZAREZ RODRIGUEZ, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan and Bernard Schwartz, Judges.*  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, William M. Wood and Gary W. Brozio, Deputy Attorneys General, for Plaintiff and Respondent.

---

\*       Judge Dugan ruled on the motion for disclosure of information from peace officers' confidential personnel files.  Judge Schwartz presided over the trial.

1

A jury found defendant Cesar Cazarez Rodriguez guilty on one count of battery by a prison inmate on a noninmate (Pen. Code, § 4501.5) and one count of forcibly resisting an executive officer (Pen. Code, § 69). Defendant admitted two strike priors (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and one 1-year prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).

Originally, the trial court sentenced defendant to 25 years to life in prison. While this appeal was pending, however, it resentenced him, pursuant to the Three Strikes Reform Act, to nine years in prison. (Pen. Code, § 1170.126.) Accordingly, defendant concedes that all issues regarding his original sentence are moot.

Defendant now contends:

1. There was insufficient evidence that defendant resisted an officer "by the use of force or violence" so as to be guilty under Penal Code section 69.

2. This court should independently review the trial court's in camera ruling on defendant's motion for disclosure of information from peace officers' confidential personnel files.

We find no error. Hence, we will affirm.

# I

## FACTUAL BACKGROUND

A.      *Prosecution Evidence*.

Defendant was an inmate at the California Rehabilitation Center in Norco.

On May 6, 2010, correctional officers conducted a routine search of defendant's dormitory. Officer Ryan Wiltsey blocked the bathroom while Officer Ernest Martinez and two other officers carried out the search.

Defendant "popped up" and started to leave the area that the officers were headed toward. In Officer Martinez's experience, this could indicate possession of contraband. He therefore stopped defendant and asked "if he had anything on him." Defendant said "Yes," and started to reach one hand into his waistband. Officer Martinez "caught a glimpse of" a dime-sized piece of cellophane. Inmates are not allowed to keep cellophane because it can be used to conceal other contraband.

Officer Martinez grabbed defendant's shirt. However, defendant started running toward the bathroom, which caused the shirt to rip. Officer Martinez chased him and yelled at him to get down.

Officer Wiltsey took up a "defensive stance" in the doorway to the bathroom. Defendant bent down and extended his hands out in front of himself. He hit Officer Wiltsey in the right shoulder, spinning him around and almost but not quite knocking him down.

Defendant ran to a toilet, grabbed it, and crouched in front of it. Officer Martinez thought he might be spitting something out into the toilet. Officer Martinez and Officer Wiltsey pulled him back. Defendant landed on the floor, on his stomach, with both arms under his body. Officer Martinez tried to pull defendant's left arm out from under his body and behind his back, to cuff him. Meanwhile, Officer Wiltsey lay on top of defendant to hold him down. Defendant kept "wiggling." He seemed to be trying to move his hands toward his mouth. A third officer arrived, grabbed defendant's right arm, got it behind his back, and managed to cuff it. Officer Martinez then managed to cuff defendant's left arm.

Officers searched defendant's person, the toilet, and the bathroom, but found no contraband. On the assumption that defendant had swallowed the contraband, his excreta were monitored and searched for several days, but no contraband was found.

B.    *Defense Evidence*.

Defendant took the stand on his own behalf. He admitted prior convictions for carjacking, grand theft from the person, carrying a loaded firearm, receiving stolen property, and being a gang member.

Defendant testified that he felt sick and had to throw up, so he started walking toward the bathroom. Officer Martinez stopped him and patted him down. Defendant denied having any contraband or saying that he had any.

When Officer Martinez let go of his shirt, defendant thought the search was over. He said he was sick and he had to throw up, then ran to the bathroom. He denied hearing any order to stop. He also denied making physical contact with Officer Wiltsey. He testified that Officer Wiltsey was in the rear of the bathroom, not in the doorway.

Defendant went to a toilet and vomited. Officers then pulled him backwards, "twisted [him] to the floor," choked him, and punched him. He kept reaching for his neck because he could not breathe.

C. *Contrary Prosecution Evidence*.

The officers testified that defendant never said he was sick and never vomited. They denied hitting or kicking him.

Officer Martinez testified that sometimes, during a search, one inmate will create a diversion to give other inmates an opportunity to hide contraband.

II

THE SUFFICIENCY OF THE EVIDENCE OF FORCE OR VIOLENCE

FOR PURPOSES OF FORCIBLY RESISTING AN EXECUTIVE OFFICER

Defendant contends that there was insufficient evidence that he resisted the officers "by the use of force or violence" so as to be guilty under Penal Code section 69.

Penal Code section 69 makes it a crime (1) to "attempt[], by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law," or (2) to "knowingly resist[], by the use of force or violence,

5

such officer, in the performance of his duty . . . ." Here, there was no evidence of any threat, so there had to be evidence that defendant used force or violence.

There is no statutory definition of "force" or "violence" that applies to Penal Code section 69. We give these terms their ordinary, nonlegal meaning. (See *People v. Griffin* (2004) 33 Cal.4th 1015, 1022-1023 ["force" as used in rape statute has no specialized legal meaning].) The Oxford English Dictionary defines "force" as "[p]hysical strength or power exerted upon an object; *esp.* the use of physical strength to constrain the action of persons; violence or physical coercion." (Oxford English Dict. (3d ed. 2000) <http://www.oed.com/view/Entry/72847>, as of November 13, 2013.)

Defendant focuses on the struggle on the bathroom floor. During that struggle, he was resisting by "wiggling," pulling his arms away, and moving them toward his mouth. However, he did not hit or kick the officers.

Regardless of whether there was sufficient evidence that defendant used violence in the course of that struggle, there was sufficient evidence that defendant used violence when he hit Officer Wiltsey in the shoulder. He "was running at a high rate of speed." He "bent down as to brace himself"; Officer Martinez likened this to a football "charge." He put both hands out in front of him. His right hand "struck" Officer Wiltsey's right shoulder. The impact spun Officer Wiltsey around "approximately 180 degrees." Officer Wiltsey also fell backwards, though he did manage to "catch [his] balance." This constituted the use of force and violence under any definition.

6

III

*PITCHESS*

Defendant asks us to review the trial court's in camera ruling on his motion for disclosure of information from peace officers' confidential personnel files pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*). The People do not oppose the request.

A.     *Additional Factual and Procedural Background*.

Before trial, defendant filed a *Pitchess* motion regarding four named correctional officers, including Officer Martinez and Officer Wiltsey. The Department of Correction & Rehabilitation (the Department) opposed the motion.

The trial court found that defendant had shown good cause for an in camera hearing solely with respect to Officer Martinez and Officer Wiltsey. The in camera hearing was attended only by the Department's attorney and the Department's custodian of records. After being sworn, the custodian testified that he had searched for records potentially responsive to the motion, but there were none. The trial court found that there were no discoverable materials.

B.    *Analysis.*

Under *Pitchess*, "on a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant. [Citation.] . . . If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation."' [Citations.]" (*People v. Gaines* (2009) 46 Cal.4th 172, 179.)

The record of the in camera hearing is sealed, and appellate counsel for the defendant as well as counsel for the People are not allowed to read it. (See *People v. Hughes* (2002) 27 Cal.4th 287, 330.) Thus, on request, the appellate court must independently review the sealed record. (*People v. Prince* (2007) 40 Cal.4th 1179, 1285.)

Here, the record of the trial court's in camera examination of the officers' personnel files is adequate for our review. It demonstrates that the trial court followed the proper procedures (see *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1229) and that there simply were no discoverable materials. We find no error.

IV

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.